# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RITA K. BATTLES,**

      **Plaintiff,**

**v.**                                                   **Case No:   6:14-cv-1337-Orl-31KRS**

**CLARFIELD, OKON, SALOMONE &**
**PINCUS, P.L. and NATIONAL**
**COLLEGIATE STUDENT LOAN TRUST**
**2005-3,**

      **Defendants.**

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 10) and Plaintiff's Response in Opposition (Doc. 11).

### I.     Introduction

This matter arises out of a state lawsuit[1] that Defendants ("Lenders")[2] filed to collect funds from Plaintiff ("Borrower") for allegedly defaulting on student loans. In this case, the Borrower has alleged that the Lenders violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* by filing the state court lawsuit. The Lenders asserts that this lawsuit is prohibited due to Florida's litigation privilege.

---

[1] The state lawsuit was filed in Orange County, Florida and styled *National Collegiate Student Loan Trust 2005-3 v. Rita Battles*, Case No. 2014-CC-007416-O.

[2] Based on the allegations, National Collegiate Student Loan Trust 2005-3 is the lender, while Clarfield, Okon, Salomone & Pincus, P.L. is its law firm. However, for purposes of addressing this simple matter, they are referred to cumulatively as "Lenders."

**II.     Standard**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

**III.     Analysis**

In support of its motion, Lenders rely on an Order of this Court in *Acosta v. James A. Gustino, P.A.*, 6:11-CV-1266-ORL, 2014 WL 1764713 (M.D. Fla. May 2, 2014). However, the Order relied upon by Lenders was later withdrawn and substituted with an Order holding that the Florida litigation privilege only applies to state law claims. *Id.* (Doc. 107).[3] Accordingly, it is

**ORDERED**, that Defendant's Motion (Doc. 10) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 27, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[3] At the time of this Order, it does not appear that Westlaw or LexisNexis have recognized the withdrawal and replacement of the May 2, 2014 Order, and accordingly Lenders' reliance upon it is understandable.